DAVID M. MONACHINO
SEYFARTH SHAW LLP
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendant
  Eclipsys Corporation

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KALPANA SHAH,                                              :    CV 08-2528 (JFB) (WDW)
                                                           :
                           Plaintiff,                      :
                                                           :
        - against -                                        :
                                                           :
ECLIPSYS CORPORATION,                                      :
                                                           :
                           Defendant.                      :
------------------------------------------------------------x

## DECLARATION OF CARLOS GONZALEZ

   1.   I, Carlos Gonzalez, am over eighteen (18) years of age and am legally competent to give this Declaration, which is freely and voluntarily given. The facts contained herein are based on my own personal knowledge.

   2.   I am the Senior Director of Service Management and Information Services at Eclipsys Corporation and work on-site at North Shore Long Island Jewish Health System. At North Shore Long Island Jewish Health System, they operate an archive system called Extender. In my capacity as Senior Director of Service Management and Information Services, I understand the search capabilities and have experience utilizing the search capabilities of the Extender product and examining the data that is collected from running a search on Extender.

   3.   All e-mails that were sent from the e-mail account of former Eclipsys employee Kalpana Shah on July 12, 2007 were saved to Extender. On November 12, 2009, one of my

technicians ran a search of Extender. All of the e-mails that were sent by Shah and received by Shah on July 12, 2007 are attached hereto as Exhibit 1.

4. I reviewed the data and there was no e-mail sent from Shah's e-mail account on July 12, 2007 at 10:05 a.m. titled "RE: Request for Disability Leave."

5. My technician printed every e-mail sent from the e-mail account of former Eclipsys employee Kalpana Shah on July 12, 2007 and every one of them has a colon after the "To."

6. All e-mails that were received in the e-mail account of current employee Stephen Domjan on July 12, 2007 were saved to Extender. On November 12, 2009, one of my technicians ran a search of Extender. All of the e-mails that were received by Domjan and sent by Domjan on July 12, 2007 are attached hereto as Exhibit 2.

7. I reviewed the data and there was no e-mail received in Domjan's email account on July 12, 2007 titled, "RE: Request for Disability Leave."

8. If the July 12, 2007 e-mail titled, "RE: Request for Disability Leave" existed, it would have existed in both Exhibit 1 and Exhibit 2.

9. I reviewed the declaration of Pat Darienzo and the Extender archive system is the one that my technician searched.

10. Regardless of whether Ms. Shah was sending a new e-mail, replying to an e-mail, or forwarding an e-mail, every one of the e-mails sent from her e-mail account on July 12, 2007 has a colon after the "To."

11. The individual settings on a person's computer do not affect whether there is a colon after the "To."

12. Regardless of whether Ms. Shah was sending a new e-mail, replying to an e-mail, or forwarding an e-mail internally, there was no disclaimer language at the bottom of any of the e-mails sent from her e-mail account on July 12, 2007.

I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct.

Executed this __20th_ day of January, 2010.

_____
Carlos Gonzalez

ATI 32605281.1