UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
**KALPANA SHAH**

                              Plaintiff,

                                                                           CV 08-2528(JFB ) (WDW)

                                                                           **PLAINTIFF'S AFFIDAVIT**
                                                                           **IN OPPOSITION TO**
          -against-                                         **DEFENDANT'S MOTION**
                                                                           **FOR SANCTIONS AND**
                                                                           **SUMMARY JUDGMENT**

**ECLIPSYS CORP.,**

                              Defendant.

-----------------------------------------------------------X
STATE OF NEW YORK)
                          ) SS:
COUNTY OF NASSAU)

**KALPANA SHAH,** being duly sworn, deposes and says:

1. I am the plaintiff in this action, and I respectfully submit this affidavit in opposition to the motions dated January 21, 2010 and February 26, 2010, made by Defendant, Eclipsys Corp for sanctions and summary judgment.

2. I have personal knowledge of facts which bear on this motion.

3. The Defendant's motion for sanctions should be denied because the email dated July 12, 2007 sent to Steven Domjan and submitted as part of the discovery request was not fabricated. When I worked at Eclipsys Corporation, I routinely documented discussions with my supervisor in an effort to maintain a record of certain events that occurred. The email dated July 12, 2007 is an example of the practice that I maintained during employment with Eclipsys Corporation.

4. The Defendant's motion for summary judgment should be denied because I was terminated for reasons related solely to my disability.

5. In 2003, I was hired by Perot Systems to provide information technology services for one of their clients, North Shore LIJ Health System.

6. The Defendant acquired Perot Systems' contract to provide information technology service to North Shore LIJ location in NewYork and most of its employees were offered positions with the Defendant.

7. On or about January 2005, I began working for the Defendant as a Clinical Systems Analyst.

8. When I began working at Eclipsys Corporation, I continued to be supervised by Evelyn Franklin, Steve Domjan and Robert Gefter.

9. On or about May 5th 2005, I requested a disability leave from my supervisor Evelyn Franklin. Following the discussion with Ms. Franklin, I was advised that if I did not resign from my position, I would be terminated. See exhibit #1 (an email to Evelyn Franklin dated May 10, 2005 to document a meeting with Evelyn Franklin to discuss my physical disability).

10. Subsequently, I filed a complaint with the New York State Division of Human Rights ("Division") alleging discrimination based on my disability on November 29th 2005.

11. While the Division was investigating her complaint, I remained employed by the Defendant.

12. On July 12, 2007, I met with my supervisor Steve Domjan.

13. During the meeting, I advised Mr. Domjan that I would need to take a short term disability leave due to a neurologic condition called Ulnar Neropathy that I suffered.

14. Following the discussion, I sent Mr. Domjan an email to document our discussion about my request dated July 12 2007. See exhibit# 2.

15. Later, Mr. Domjan reprimanded me for exchanging a telephone with that of an employee, Madhu Subharo who left the company. This was despite the fact that I received prior authorization to use the telephone from Joan McKay.

16. During my employment with Perot Systems and Eclipsys Corporation, I routinely sent emails to my supervisors to document discussions that I had with them. See exhibit# 3 (an email to Evelyn Franklin dated May 10, 2005 to document a meeting with my supervisor Evelyn Franklin to discuss my physical disability); See exhibit #4 (an email to Stephen Domjan dated January 3, 2006 to address an issue he raised about my use of personal calls and an email from Evelyn Franklin to Dana Distefano dated January 4, 2006 in which Evelyn Franklin acknowledges my attempt to document a response to my performance review); See exhibit #5 (an email to Robert Gefter dated January 9, 2006 regarding issues that he failed to address related to a Cognos computer program); See exhibit # 6 (an email to my supervisor Stephen Domjan dated February 24, 2006 regarding requests that I have made in the past to work from home); See exhibit #7 (an email to Stephen Domjan and Robert Gefter responding to Mr. Domjan's email about access to the production unix server); See exhibit #8 (an email to Robert Gefter dated April 12, 2006 regarding issues with HR ETL's because he did not believe my explanation regarding a computer issue); See exhibit #9 ( an email to Robert Gefter dated July 27, 2006 regarding a discussion when I attempted to find a list of emplid users and

Mr. Gefter addressed me in a loud and embarrassing tone in front of my co-workers); See exhibit #10 (an email to Stephen Domjan dated August 18, 2006 regarding my request to work from home on August 18, 2006).

17. I sent the email to Stephen Domjan in order to maintain a record of my conversation with him earlier that morning.

18. The email contains a confidential signature line because at the time that I composed the email, it was added to the document since it related to a request for disability leave.

19. There were no other emails sent on that date with a confidentiality statement because I did not send any emails that were confidential in nature.

20. I believe that the reason that the email does not contain a colon after the word "To" was due to how the email was copied.

21. On October 14, 2009, I submitted the email to my attorney to turn over to the Defendant's counsel.

22. The email was not previously submitted as part of the discovery request because I did not maintain a proper filing system to organize all of my documents.

23. Due to flooding in my basement, I moved everything in my basement to a room on the first floor of my house.

24. In this room, I stored papers related to my employment with the Defendant in addition to various other documents.

25. While going through this room, I came across the email from Stephen Domjan. I thought that I previously submitted the email to my attorney because I had already submitted several documents. It was not until the day before a scheduled deposition of Eclipsys employees that I discovered that this email was not previously submitted.

26. Although I did not submit the email prior to October 14, 2009, I have always maintained that I met with my supervisor Stephen Domjan regarding the need to take a short disability leave.

27. After I was terminated on July 17, 2007, I filed a charge with EEOC in which I discussed the details of the meeting with Stephen Domjan in which I told him that there might be a need to take a short disability leave due to a neurologic condition.
The EEOC charge is attached as exhibit # 11.

28. At the time that the email was produced on October 14, 2009, the Defendant was aware of my allegations regarding a meeting with Stephen Domjan to discuss a disability leave request. See exhibit #12, pg. 5 (which contains the Defendant's position statement submitted to EEOC).

29. At the time that I was terminated, I had approximately 10,000 emails in my inbox and sent box.

30. The emails are all maintained on a server that the Defendant has exclusive control over. When I was deposed by the Defendant's counsel in December 2009, I indicated to that they should find this email on the server because I sent it to Mr. Domjan using my work computer.

31. All of my emails were requested by my attorney pursuant to a discovery request. See exhibit # 13.

32. Although a few emails were submitted in response to the discovery request, a vast majority of the emails were withheld, including the email sent to Stephen Domjan on July 12, 2007.

33. I believe that my termination was related to my disability because of the way that the I was treated by my supervisors Evelyn Franklin, Steven Domjan and Robert Gefter upon my return to work after taking the prior disability leaves.

34. I also believe that Evelyn Franklin has viewed my absence from work during my disability leaves as a loss of productivity and wanted to terminate me immediately upon my return to work in January 2006.  See exhibit # 14; exhibit # 15 and exhibit #16.

35. Whenever, I made complaints to the company regarding behavior that I viewed as a violation of company policy, it was not taken seriously.  In or about July 2006, I reported to Human Resources that I believed that Robert Gefter appeared to be under the influence of alcohol after coming from lunch and that it affected his behavior toward me.  Rather than investigating the matter, the Defendant allowed the report to be used against me as a way to document insubordination.  See exhibit #17.

36. The Defendant also frequently allowed other employees to work from home but did not afford me the same courtesy.  See exhibit #6 .

37. Based on the foregoing, it is respectfully submitted that both motions should be denied.

Dated: March 28, 2010

s/ Kalpana Shah<br>Kalpana Shah

Sworn to me before this 28th day
of March 2010.

Michele A. Baptiste
Notary Public

```
MICHELE A. BAPTISTE
Notary Public, State of New York
Qual. in Nassau Co. No. 02BA6127092
Commission Expires May 23, 20 13
```