EXHIBIT 18

## Gefter, Rob

**From:** Donrjan, Stephen
**Sent:** Thursday, July 12, 2007 5:00 PM
**To:** Gefter, Rob
**Subject:** Tina Job Responsibilities

Rob - here's an initial cut. We can review tomorrow prior to sending to HR. I probably want to re-write the last paragraph somewhat.

Steve

Tina,

In case there is any misunderstanding, I would like to document what I see as your job responsibilities. I have consulted the 2007 goals that were documented and then reviewed by yourself and they seem to be very closely in line with what you have been doing.

*From 2007 Goals:*
*Tina will need to quickly get up to speed with the day-to-day responsibilities (development through production) as she and Venkat will be relied upon for all support of existing applications. Moshe, and Madhu will be focused on the HRMS upgrade and will be transitioning most of their current responsibilities to Tina and Venkat*

I would expect based upon the above, that you and Venkat should be focused on all Production Support activities. This would induce attending to all Service Desk tickets - new user account requests, employee termination requests, production incidents.

In addition to that, I have been forwarding all e-mail requests from HRIT, FSG, SCM groups to you and Venkat based upon your individual workloads. In many instances, I have asked that the client work with you in order to troubleshoot a production issue. For example, when Eve sent a note to myself and Jay documenting an issue yesterday, I asked Eve to work with you, as I'm expecting you to be seen as a knowledgeable and valuable resource to the client.

I have also told you on a few occasions that I would like you to become involved in HRMS security design / set up as it relates to the HRMS89 upgrade. Given that Moshe has become 100% focused on upgrade related tasks, I would see that this would happen sooner than later.

I've also recently given you, the task of building a Process Scheduler on one of our new VM servers. Again - see this as a good opportunity for you to demonstrate your value as a PeopleSoft administrator.

One area that I would still like to see you, and Venkat become more involved with is the weekly production migrations for HRMS and FS/SCM via STAT.

On a final note, I would like to state that I consider your behavior in my office earlier today as insubordinate and unacceptable both from a management as well as personal level. I have no issue with you coming to my office and stating any concerns or complaints. I do expect that you, or any other team member treat me with professional respect. Coming into my office, yelling at me, and speaking in a threatening manner not acceptable.

Steve

Shaw v. EcIsys
D000099

EXHIBIT 19

**Geffer, Rob**

| From: | Curran, Jen |
|---|---|
| Sent: | Thursday, July 12, 2007 2:16 PM |
| To: | 'ellen.miller@eclipsys.com' |
| Cc: | Geffer, Rob; Christopher, Tina |
| Subject: | Fw: Tina Shah incident |

Ellen,

Please see below. Can we terminate her for this?

Please say yes.

Jen

-----Original Message-----
From: Geffer, Rob <RGeffer@NSHS.edu>
To: Curran, Jen <Jen.Curran@Eclipsys.com>
CC: Christopher, Tina
Sent: Thu Jul 12 14:06:15 2007
Subject: FW: Tina Shah incident

Jen,

I heard this verbal attack on Steve. Tina Christopher was also in my office as this was going on as well.

Steve is very upset as well.

Can you please call me on this... I would like to move forward with some action.

Thanks,
Rob

Rob Geffer
NSLIJ Information Services
(516) 876-5524

_____

From:    Domjan, Stephen

1

Shaw v. Eclisys
D0001001

Sent:       Thursday, July 12, 2007 12:55 PM
To:         Gefter, Rob
Subject:    Tina Shah Incident

Rob,

I wanted to document an incident that I had with Tina Shah today.

About 11:30 am today I walked over to Russ' office to speak with him when I noticed Tina walking down the hall with the phone from Madhu's desk.

As it was Madhu's last day of work today, Tina decided to take his phone that had a display screen, which her phone did not have.  I questioned Tina as to why she was doing this and asked who she had ok'd this with.  She informed me that Joan McKay had given her permission to take the phone.  I then mentioned that not everyone had phones with displays, and that she should have spoken to me about this.  Tina then returned the phone to Madhu's desk.  After finishing my discussion with Russ, I then took Madhu's phone to her desk and said that she could use this, but that in the future people should not be taking equipment from other's desks without discussing with their managers first.

Approximately 1/2 hour later, Tina came into my office and was very upset that I would have questioned her taking this phone.  She was angry that I had done this in the hallway in front of others.  I explained to her that the reason I talked to her in the hallway was because that's where I saw her carrying the phone.  Tina then accused me of giving preferential treatment to a white male (Jay) because I had mentioned that he also did not have a phone with a display.  I explained to her that I had just mentioned his name as an example as to why she shouldn't assume that the phone was hers to take.  She stated that she has been working here for four years and that she should be entitled to this over Jay.  My response to her was that Moshe, who has been working at the Health System longer than Tina, also does not have a phone with a display.  Tina at this point became very irate, and said that she was not going to take this kind of treatment any more.  She stated that since there were four PeopleSoft Administrators on our team that she would no longer work on 1/2 of Service Desk requests with Venkat.  She explicitly stated that she would now only work on 1/4 of these tasks and that the remaining should be shared amongst the other three team members.  I calmly explained to her that she would not be deciding how work is allocated to team members.  Her final statement as she left my office was that she would only work on 1/4 of these requests, in direct insubordination of what I had just told her regarding allocation of work.

I then walked over to your office to tell you what had just happened, and when I returned to my office a few minutes later, Tina had placed Madhu's phone on my desk, although I had already told her that she could have this one.  Tina then stopped by my office and stated (did not ask) - "I've worked a few nights late this week and will be leaving early today".  I didn't think that another confrontation would be prudent given Tina's state of mind nodded my head in agreement.

Steve

-------------------------------------------------

The information contained in this electronic e-mail transmission

2

Shaw v. Eclisys
D001002

and any attachments are intended only for the use of the individual or entity to whom or to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this communication is not the intended recipient, or the employee or agent responsible for delivering this communication to the intended recipient, you are hereby notified that any dissemination, distribution, copying or disclosure of this communication and any attachment is strictly prohibited. If you have received this transmission in error, please notify the sender immediately by telephone and electronic mail, and delete the original communication and any attachment from any computer, server or other electronic recording or storage device or medium. Receipt by anyone other than the intended recipient is not a waiver of any attorney-client, physician-patient or other privilege. Thank you.

3

Shaw v. Eclsys
D001003

EXHIBIT 20

**Gefter, Rob**

| | |
|---|---|
| **From:** | Currao, Jen |
| **Sent:** | Thursday, July 12, 2007 2:16 PM |
| **To:** | 'ellen.miller@eclipsys.com' |
| **Cc:** | Gefter, Rob; Christopher, Tina |
| **Subject:** | Fw: Tina Shah Incident |

Ellen,

Please see below. Can we terminate her for this?

Please say yes.

Jen

-----Original Message-----
From: Gefter, Rob <RGefter@NSHS.edu>
To: Currao, Jen <Jen.Currao@Eclipsys.com>
CC: Christopher, Tina
Sent: Thu Jul 12 14:06:15 2007
Subject: FW: Tina Shah Incident

Jen,

I heard this verbal attack on Steve. Tina Christopher was also in my office as this was going on as well.

Steve is very upset as well.

Can you please call me on this... I would like to move forward with some action.

Thanks,
Rob

Rob Gefter
NSLIJ Information Services
(516) 876-5524

From:   Domjan, Stephen

1

Shaw v. Eclisys
D00100I

Sent:     Thursday, July 12, 2007 12:55 PM
To:       Geffer, Rob
Subject:  Tina Shah Incident

Rob,

I wanted to document an incident that I had with Tina Shah today.

About 11:30 am today I walked over to Russ' office to speak with him when I noticed Tina walking down the hall with the phone from Madhu's desk.

As it was Madhu's last day of work today, Tina decided to take his phone that had a display screen, which her phone did not have. I questioned Tina as to why she was doing this and asked who she had ok'd this with. She informed me that Joan McKay had given her permission to take the phone. I then mentioned that not everyone had phones with displays, and that she should have spoken to me about this. Tina then returned the phone to Madhu's desk. After finishing my discussion with Russ, I then took Madhu's phone to her desk and said that she could use this, but that in the future people should not be taking equipment from other's desks without discussing with their managers first.

Approximately 1/2 hour later, Tina came into my office and was very upset that I would have questioned her taking this phone. She was angry that I had done this in the hallway in front of others. I explained to her that the reason I talked to her in the hallway was because that's where I saw her carrying the phone. Tina then accused me of giving preferential treatment to a white male (Jay) because I had mentioned that he also did not have a phone with a display. I explained to her that I had just mentioned his name as an example as to why she shouldn't assume that the phone was hers to take. She stated that she has been working here for four years and that she should be entitled to this over Jay. My response to her was that Moshe, who has been working at the Health System longer than Tina, also does not have a phone with a display. Tina at this point became very irate, and said that she was not going to take this kind of treatment any more. She stated that since there were four PeopleSoft Administrators on our team that she would no longer work on 1/2 of Service Desk requests with Venkat. She explicitly stated that she would now only work on 1/4 of these tasks and that the remaining should be shared amongst the other three team members. I calmly explained to her that she would not be deciding how work is allocated to team members. Her final statement as she left my office was that she would only work on 1/4 of these requests, in direct insubordination of what I had just told her regarding allocation of work.

I then walked over to your office to tell you what had just happened, and when I returned to my office a few minutes later, Tina had placed Madhu's phone on my desk, although I had already told her that she could have this one. Tina then stopped by my office and stated (did not ask) - "I've worked a few nights late this week and will be leaving early today". I didn't think that another confrontation would be prudent given Tina's state of mind nodded my head in agreement.

Steve

----------------------------------------

The information contained in this electronic e-mail transmission

2

Shaw v. Eclisys
D001002

and any attachments are intended only for the use of the individual
or entity to whom or to which it is addressed, and may contain
information that is privileged, confidential and exempt from
disclosure under applicable law. If the reader of this communication
is not the intended recipient, or the employee or agent responsible
for delivering this communication to the intended recipient, you
are hereby notified that any dissemination, distribution, copying
or disclosure of this communication and any attachment is strictly
prohibited. If you have received this transmission in error, please
notify the sender immediately by telephone and electronic mail,
and delete the original communication and any attachment from any
computer, server or other electronic recording or storage device
or medium. Receipt by anyone other than the intended recipient is
not a waiver of any attorney-client, physician-patient or other
privilege. Thank you.

3

Shaw v. Eclisys
D001003